**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------x
ANGEL GARCIA,                                         :
                                                     :          **08 Civ. 3900 (HB)**
                          **Petitioner,**            :
                                                     :          <u>**OPINION**</u>
          -against-                                  :
                                                     :
**UNITED STATES,**                                   :
                                                     :
                          **Respondent.**            :
-------------------------------------------------------x

**Hon. Harold Baer, Jr., District Judge:**[1]

 Angel Garcia ("Petitioner") petitions this Court, pursuant to 28 U.S.C. 2255, to vacate, set aside or correct his sentence. Petitioner claims that (1) he was denied effective assistance of counsel in violation of the Sixth Amendment; (2) he did not commit the offense of using, carrying or possessing a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c); (3) he did not commit a Hobbs Act Violation as Charged under 18 U.S.C. § 1951; (4) it was improper to have imposed on him a special assessment of $400.00 under 18 U.S.C. § 3013; and (5) his plea of guilty was not knowing, intelligent or voluntary because the trial court failed to advise him of the mandatory restitution under 18 U.S.C. 3663(a). For the following reasons, the petition is denied.

## I. BACKGROUND

 On June 24, 2004, Petitioner waived his indictment and the Government filed a three-count information, 03 Cr. 1098 (HB) (the "Information"), which charged Petitioner in Counts One and Two with two Bronx robberies that took place on September 3, 2003, and in Count Three with using and brandishing a firearm during the robbery charged in Count One, in violation of 18 U.S.C. § 924(c). The two robberies in the Bronx alleged that Petitioner and his co-conspirators dressed up as police officers and robbed two merchants. One of the robberies took place in an apartment out of which clothing was sold, and the other robbery took place in a warehouse out of which compact discs were sold. During the robbery, Petitioner and his co-conspirators are alleged to have posed as police officers and at least some of them were alleged to have carried unconcealed firearms.

---

[1] Alena Timchenko, a Fall 2008 intern in my chambers and a second year law student at the Benjamin N. Cardozo School of Law, contributed substantial research and analysis to this opinion.

Also on June 24, 2004, Petitioner executed a plea agreement with the Government ("First Plea Agreement") in which he agreed to plead guilty to the three counts of the Information. (First Plea Agreement ¶¶ 1-5.)  That same day, the defendant allocuted and was found competent to plead guilty, and his plea was accepted.  (First Plea Tr. 9).  The Government explained the statutory minimums and maximum sentence for each of the counts, as well as that "the Court must order restitution to any victims of the offense."  (*Id.*)

During the first plea hearing, this Court confirmed that Petitioner was "pleading guilty voluntarily and of [his] own free will and because [he was] in fact guilty."  (*Id.* 10.)  Petitioner explained that on September 3, 2003, he and his co-conspirators committed two robberies, during which they impersonated police officers and stole clothing from one merchant and compact discs from the other merchant.  (*Id.* 16-17.)  The Government then proffered that it could establish that both the stolen clothing and compact discs had traveled in interstate commerce.  (*Id.* 19.)  The Court accepted Petitioner's first plea agreement.

On November 29, 2004, Petitioner filed a motion to withdraw his guilty plea solely as to Count Three of the Information, on the grounds that this Court and his lawyer failed to adequately advise him of the charge.  Garcia's counsel stated that she "failed to fully research the required elements under the third count of the superseding information before having encouraged defendant to plead guilty."  *See United States v. Garcia*, No. 03 Cr. 1098, 5 (Dec. 29, 2004).  After a full hearing, on December 29, 2004, this Court granted Petitioner's motion to withdraw his guilty plea as to Count Three.

On February 15, 2005, a grand jury issued a superseding indictment, S3 03 Cr. 1098 (HB) (the "Indictment"), charging Petitioner with eleven counts.  In pertinent part, Count One charged Petitioner with Hobbs Act robbery conspiracy, in violation of 18 U.S.C. § 1941, and Count Nine charged Petitioner with using a firearm during and in relation to the robberies, in violation of 18 U.S.C. § 924(c).

On June 27, 2005, Petitioner pled guilty to Count One and Count Nine of the Indictment, pursuant to a plea agreement with the Government executed in advance of a second plea hearing ("Second Plea Agreement").  (Second Plea Agreement 1-5.)  The Second Plea Agreement advised Petitioner of the maximum and minimum sentences for the charges and advised him that restitution with respect to Count One was mandatory.  (*Id.* 1.)

During the second plea proceeding, this Court confirmed that Petitioner was competent to plead guilty.  (Second Plea Tr. 4-6.)  Next, this Court confirmed that Petitioner was satisfied with

the representation he received from his counsel.[2]  (*Id.* 7.)  After advising Petitioner of the maximum and minimum terms of incarceration and informing him that he would waive his right to a trial if he pled guilty, this Court asked Petitioner to explain his participation in the charged offenses, and he complied.  (*Id.* 19-20.)  The Government proffered that it could prove that the stolen goods had traveled through interstate commerce, and this Court accepted Petitioner's guilty plea. (*Id.* 21-22.)

On July 7, 2005, this Court conducted a sentencing hearing.  (Sentencing Tr. 1-50.)  After hearing the Petitioner's factual objections to the Presentence Investigation Report ("Presentence Report"), this Court calculated the Sentencing Guidelines Range for Count One to be 70 to 78 months' imprisonment.  This Court calculated the Sentencing Guideline for Count Nine – the Section 924(c) charge – to be 84 months, to run consecutive to the sentence on Count One. Relying on the factors enumerated in 18 U.S.C. § 3553(a), including Petitioner's history and personal characteristics, the Court reduced the sentence on Count One to 58 months, which resulted in a total sentence of incarceration of 142 months, to be followed by three years of supervised release.  The Court also imposed a special assessment of $400, which covered both Counts One and Nine of the Indictment and the two counts of the Information to which he had pled guilty prior to withdrawing his plea to the Section 924(c) charge.  (*Id.* 46-47, 49.)

Although the Probation Office did not recommend restitution, the Government noted that the victim impact section of the Presentence Report stated that Petitioner and his co-conspirators had stolen $4,750 from the victims of the warehouse that was robbed on September 3, 2003.  (*Id.* 28, 47.)  Thus, the Court found that Petitioner was jointly and severally liable for $4,750, and ordered him to pay restitution to the victim of the warehouse robbery.  (*Id.* 47.)

On July 15, 2005, Petitioner timely filed a notice of appeal.  On appeal, Petitioner argued that his counsel was ineffective in advising him to withdraw his guilty plea to Count Three of the Information, the Section 924(c) charge.  Petitioner complained that his counsel's advice resulted in the Government bringing additional charges and, ultimately, his receipt of a higher sentence. Petitioner also asserted that his conviction should be vacated because his guilty plea did not comply with Rule 11 of the Federal Rules of Criminal Procedure, based on this Court's alleged failure to advise him that, as a result of the guilty plea, he would be required to pay restitution.

---

[2] Question: "Are you satisfied with her counsel and representation and advice?"  Answer: "Yeah.  She was very helpful to me and my wife, and I think she's great."

On October 4, 2007, the Court of Appeals for the Second Circuit issued an order dismissing both of the Petitioner's claims with prejudice. *See United States v. Garcia*, 2007 WL 2914853 (2d Cir. 2007). Specifically, the Circuit Court found that Petitioner's attorney's advice to withdraw his plea to § 924(c) charge was voluntary because he was apprised, at several stages of the proceedings, that he would be required to pay restitution.

On April 2, 2008, the Petitioner filed the current petition.

## II.  STANDARD OF REVIEW

To prevail on a 28 U.S.C. § 2255 claim, a petitioner must show either that (1) his sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; or (3) the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack. *See Woodard v. United States*, No. 04 Civ. 9695, 2005 U.S. Dist. LEXIS 26802, at *6 (S.D.N.Y. Nov. 8, 2005) (citing *Johnson v. United States*, 313 F.3d 815, 817 (2d Cir. 2002)); 28 U.S.C. § 2255.

## III.  DISCUSSION

### A.  Claim of Ineffective Assistance of Counsel and Unknowing and Involuntary Plea Must Fail

On direct appeal to the Second Circuit, Petitioner made two arguments. First, he argued that his counsel's advice to withdraw his guilty plea to Count Three of the information, which charged Petitioner with possessing, using, carrying and brandishing a firearm in relation to and in furtherance of a crime of violence "amounted to ineffective assistance because the government thereafter brought additional charges that resulted in a higher sentence." *United States v. Garcia*, No. 05-5560-cr, 2007 WL 2914 853, at *1 (2d Cir. 2007) (summary order). Rejecting Petitioner's claim, the Second Circuit held that in light of the "potential meritorious defenses and the possibility of negotiating a second plea that might exclude the gun charge . . . the counsel's advice was not inaccurate or mistaken, but rather a strategic choice of the type we have considered '*virtually unchallengeable*.'" *Id.* (emphasis in original). Second, Petitioner argued that because "the district court erred in failing to advise him at the time of the plea, as required by Federal Rule of Criminal Procedure 11(b)(1)(K), of the court's authority to order restitution," his guilty plea to Count One (robbery) and Count Nine (possessing, using, carrying and brandishing a firearm) of the Indictment was not knowing, voluntary or intelligent. *Id.* The Second Circuit dismissed this claim, finding that "although the plea colloquy was deficient under

rule 11(b), the court's failure to advise about restitution was not plain error because it did not affect Petitioner's substantial rights." *Id.* at *2.

Petitioner now asks this Court to vacate his conviction on the same grounds as those raised and decided on direct appeal. Petitioner claims that counsel provided ineffective assistance by withdrawing his plea of guilty to Count Three of the Information, a decision which Petitioner claims exposed him to greater punishment and that he was prejudiced as a result. (Petr.'s Mem. of Law 3.) Further, he claims that his guilty plea to Count One of the Indictment, which charged him with robbery, "was not knowingly and voluntary and intelligently entered, because the trial court had failed to inform the Petitioner of the imposition of the mandatory restitution the Court was authorized to impose." (*Id.* at 30.) Because the Second Circuit has already rejected both of Petitioner's claims,[3] the Petitioner's claims are barred by the law of the case doctrine.

## B.    Petitioner's Ineffective Assistance of Counsel Claim Lacks Merit

To prevail on a Sixth Amendment claim of ineffective assistance of counsel, a petitioner must prove (1) that counsel's representation "fell below an objective standard of reasonableness" measured under "prevailing professional norms," and (2) that Petitioner was prejudiced as a result in that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). Under the first prong of the Strickland test, judicial scrutiny of the counsel's conduct must be "highly deferential," and reviewing courts must "indulge a strong presumption" that the counsel's conduct was reasonable, bearing in mind that there are different ways to provide effective assistance in any given case. *Id.* at 689, 693. Therefore, "the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* As a general rule, strategic choices made by counsel after thorough investigation of the facts and law are "virtually unchallengeable," but strategic choices "made after less than complete investigation are reasonable precisely to the extent that

---

[3] The Second Circuit noted that "the record, however, does not reveal what advice, if any, counsel gave to Garcia concerning the possible outcomes of withdrawing his plea. Accordingly we reject Garcia's claim of ineffective counsel only to the extent raised on this appeal." 2007 WL 2914 853, at *1. The Circuit noted that "[t]o the extent Garcia believes that he has a claim for ineffective assistance of counsel based on facts that are not part of the record on appeal, our ruling does not preclude Garcia from raising a claim based on those additional facts by motion of a writ of habeas corpus under 28 U.S.C. §2255." *Id.* at *1 n.1. Garcia has raised no additional facts; instead, the claims that are raised are precisely the same claims that the Second Circuit decided.

reasonable professional judgment support the limitations on investigations." *Id.* at 690-91 (internal citations omitted). The reasonableness of counsel's conduct must be evaluated from counsel's perspective at the time the decision was made, without the benefit of hindsight. *Id.* at 689. Even if the petitioner shows that counsel's conduct was objectively unreasonable, the defendant must show that counsel's error had an actual adverse effect on the defense. *Id.* at 693. It will not be enough for "the defendant to show that the errors had some conceivable effect on the outcome of the proceeding." *Id.*

Here, Petitioner successfully moved to withdraw his guilty plea, asserting that his counsel advised him to withdraw because "she had identified deficiencies in his plea allocution and possible defenses to the charge." *Garcia*, 2007 WL 2914 853, at *1. His counsel's advice was a reasonable strategic decision at the time it was made, which is virtually unchallengeable. *See Strickland*, 466 U.S. at 690. Petitioner has failed to overcome the presumption that the challenged action was a sound trial strategy, and therefore the record does not support a finding that it was unreasonable for counsel to withdraw the guilty plea.

## C.  Petitioner's "Unknowing and Involuntary" Claim Lacks Merit

Petitioner attempts to undermine the legality of his plea based on the fact that the trial court failed to inform him of the imposition of mandatory restitution, in violation of Fed. R. Crim. P. 11(b)(1)(k).[4] Rule 11(b)(1)(K) required the district court to "inform the defendant of, and determine that the defendant understands . . . the court's authority to order restitution." When restitution was imposed at the sentencing hearing, Petitioner made no motion to withdraw his plea. Petitioner bears the burden of proving plain error pursuant to Fed. R. Crim. P. 52(b). *See also United States v. Vaval*, 404 F.3d 144, 151 (2d. Cir. 2005). To show plain error, a defendant must "establish that a violation affected substantial rights and that there is a reasonable probability that, but for the error, he would not have entered the plea." *Id.* A reviewing court "may consult the whole record when considering the effect of any error on substantial rights." *United States v. Vonn*, 535 U.S. 55, 58 (2002). This includes transcripts of proceedings that took place prior to the plea hearing that may have formed the basis for Petitioner's understanding of the consequences of his plea of guilty. *See id.* at 74-76.

Although the Court's failure to explicitly inform the Petitioner with respect to restitution violated Rule 11(b), such failure does not warrant vacating his sentence. Petitioner was "given

---

[4] Although in several places in his Petition, Petitioner cites Fed. R. Crim. P.11(c)(1) as having been violated, the Rule that he actually quotes is Rule 11(b)(1)(k). *See, e.g.*, Petr.'s Mem. of Law 26.

multiple explicit warnings of financial penalty in connection with his plea, including provisions in both plea agreements that restitution was mandatory, the government's announcement at both plea hearings that the maximum fine was $250,000 and the court's statement at the second plea hearing about impairments to his employment opportunities."  *See Garcia*, 2007 WL 2914 853, at *1.  Therefore, Petitioner has not shown that he would not have entered the plea had the Court informed him of the mandatory restitution.

**D.     Sufficiency of the Evidence**

Petitioner challenges the sufficiency of the evidence with respect to the interstate commerce element of his Hobbs Act robbery conviction and with respect to his conviction for brandishing a firearm in furtherance of a robbery.

A claim of insufficient evidence is reviewed *de novo*.  *United States v. Nicholas*, 176 Fed. App'x 148, 150 (2d Cir. 2006); *United States v. Jackson*, 301 F.3d 59, 64 (2d Cir. 2002).  The defendant bears a "heavy burden" because he "must prove that, viewing all of the evidence in the light most favorable to the government, no rational trier of fact could have found the essential elements of the crime charged beyond a reasonable doubt."  *Nicholas*, 176 Fed. App'x at 150; *United States v. Velasquez*, 271 F.3d 364, 370 (2d Cir. 2001).

The government bore the burden of proving, beyond a reasonable doubt, that the robbery could have affected interstate commerce.  *See United States v. Parkes*, 497 F.3d 220, 226 (2d Cir. 2007).  However, a *de minimis* showing of an effect on interstate commerce was sufficient. *United States v. Parkes*, 497 F.3d 220, 230 (2d Cir. 2007) ("The Hobbs Act prohibits robberies that affect interstate commerce 'in any way or degree,' 18 U.S.C. § 1951(a), so the required showing of an effect on interstate commerce is *de minimis*."); *see also United States v. Arena*, 180 F.3d 380, 390 (2d Cir. 1999) (government need only make a "showing of a very slight effect on interstate commerce" for Hobbs Act purposes).  "It is well established that the burden of proving a nexus to interstate commerce is minimal."  *United States v. Elias*, 285 F.3d 183, 188 (2d Cir. 2002).  "[I]f the defendant's conduct produces any interference with or effect upon interstate commerce, whether slight, subtle, or even potential, it is sufficient to uphold a prosecution under the Hobbs Act."  *United States v. Perrotta*, 313 F.3d 33, 36 (2d Cir. 2002) (internal quotations omitted).  It is irrelevant whether the victim is a corporation or an individual so long as it can be proved that the robbery could have an effect on interstate commerce.  *Id.*; *see also United States v. Diaz*, 248 F.3d 1065 (11th Cir. 2001).  *Nicholas*, 176 Fed. App'x at 150.

An offense is committed pursuant to 18 U.S.C. § 924(c)(1)(A) if a person uses, carries, or possesses a firearm in furtherance of a crime of violence.  A sentence of at least seven years is required if the gun is brandished.  18 U.S.C. § 924(c)(1)(A)(2).  A person who aids or abets the commission of an offense is liable as a principle.  18 U.S.C. § 2; *United States v. Pipola*, 83 F.3d 556 (2d Cir. 1996).  To establish that a defendant aided or abetted in the brandishing of a firearm during a crime of violence, the government must point to proof from which a rational juror could infer that the defendant knew that a gun would be used in the robbery and "performed some act that directly facilitated or encouraged the" brandishing of the firearm.  *Nicholas*, 176 Fed. App'x at 150; *see also United States v. Medina*, 32 F.3d 40, 45 (2d Cir. 1994).

"A guilty plea is an unconditional admission of guilt and constitutes an admission of all the elements of a formal criminal charge."  *United States v. Rosen*, 409 F.3d 535, 549 (2d. Cir. 2005); *see McCarthy v. United States*, 394 U.S. 459, 466 (1969).  As to those elements, the plea is "as conclusive as a jury verdict."  409 F.3d at 549 (quoting *LaMagna v. United States*, 646 F.2d 775, 778 (2d Cir.), *cert. denied*, 454 U.S. 898 (1981)).  Criminal Rule 11(b)(3) provides that "[b]efore entering judgment on a guilty plea, the court must determine there is a factual basis for the plea."  Fed. R. Crim. P. 11(b)(3).

At the second plea proceeding, the Court determined that there was a factual basis for Petitioner's plea of guilty to the Hobbs Act robbery and brandishing of a firearm charges.  Petitioner testified: "From June until September 2003, along with others, I participated in a number of robberies. . . . Me and others pretended to be police officers.  I knew my accomplices were carrying guns at their waist on these robberies, and I agreed with this, and I'm sorry."  (Second Plea Tr. 19-20).  The government proffered that it could prove that the stolen goods had traveled through interstate commerce.  (*Id.* 21-22.)

The victims of the two robberies to which Petitioner pled guilty were an individual who sold clothing out of his apartment and a person who sold compact discs out of a warehouse.  Petitioner mistakenly argues that because the victims were individuals and "not merchants, drug dealers, and no stores were involved," the robberies did not affect interstate commerce.  However, a reasonable trier of fact could conclude that stealing clothing and compact discs would have an effect on interstate commerce.

Petitioner's challenge to the sufficiency of his conviction for the brandishing of a firearm charge is also without merit.  The government must point to proof from which a rational juror could infer that Petitioner knew that a gun would be used in the robbery and that he performed an

act that directly facilitated or encouraged the brandishing of the firearm. Here, viewing the evidence in the light most favorable to the government, there is sufficient evidence. At the second plea proceeding, Petitioner stated: "I knew my accomplices were carrying guns at their waist on these robberies, and I agreed with this." (Second Plea Tr. 21-22.)  In response to the Court's inquiry he stated that although he did not brandish a gun, he knew that his co-conspirators would brandish weapons. (*Id.* 23.)  Further, Petitioner does not dispute that he knew and agreed with his co-defendants that they should carry firearms.

**E.      Special Assessment Pursuant to 18 U.S.C. § 3013**

The court shall assess on any individual convicted of a felony offense against the United States the amount of $100.  18 U.S.C. § 3013(a)(2)(A).  Petitioner pled guilty to four felony offenses.  He pled guilty to Counts One and Two of the Information, as well as Counts One and Nine of the Indictment.  Therefore, based on the four felony offenses, it was proper for the court to impose a special assessment of $400.

### III.  CONCLUSION

For the foregoing reasons, Petitioner's April 2, 2008 Motion is DENIED.  The Clerk is directed to close this case and remove it from my docket.  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. *See Coppedge v. United States*, 369 U.S. 438 (1962).

**IT IS SO ORDERED**
**New York, New York**
**January 15, 2009**

_____
**U.S.D.J.**

9